## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

R.C.S. AND M.S., ON BEHALF OF
THEIR MINOR CHILD R.S.,

               Plaintiffs,

      v.

SHREWSBURY BOROUGH SCH.
DIST. BD. OF EDUC., *et al.*,

              Defendants.

Civil Action No. 12-7769 (MAS) (LHG)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court pursuant to Defendants Shrewsbury Borough School District Board of Education (the "School Board"), Nancy Baker, Pearl Charatz, and Kathleen Mulcahy's (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Defs.' Mot. to Dismiss, ECF No. 4.) Plaintiffs R.C.S. and M.S. on behalf of their minor child R.S. (collectively, "Plaintiffs"), filed Opposition. (Pls.' Opp'n, ECF No. 8.) Defendants filed a Reply. (Defs.' Reply, ECF No. 9.) The Court has carefully reviewed all of the Parties' submissions and has decided the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and good cause shown, the Court shall stay proceedings in this matter.

## I.    BACKGROUND

### A.    Procedural History

Prior to the commencement of this suit, Plaintiffs filed four due process petitions related to this matter. (Compl., ECF No. 1.)  The first petition was filed on April 7, 2009, and resulted in

a settlement (the "2009 Settlement"). (Compl. ¶¶ 26-30.) The second petition was filed on January 6, 2010, resulting in a judicial order in Plaintiffs' favor. (Compl. ¶¶ 36-50.) The third petition was filed on January 6, 2011, resulting in another settlement (the "2011 Settlement"). (Compl. ¶¶ 55-58.) The fourth petition was filed on November 17, 2011 and is presently pending. (Compl. ¶¶ 63-64.) The fourth petition seeks: "(a) an appropriate IEP [Individualized Education Plan], (b) an appropriate program at Craig[,] (c) reimbursement for services, (d) reimbursement for expenses, including attorney's fees, (e) a complete copy of R.S.'s file, (f) reimbursement for failing to provide R.S. a FAPE [Free Appropriate Public Education], and (g) compensatory education." (Compl. ¶ 64.)

### B. Plaintiffs' Complaint

Count I of Plaintiffs' Complaint alleges a violation of the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*. (Compl. ¶¶ 69-89.) Count II alleges a claim pursuant to the New Jersey Law Against Discrimination. (Compl. ¶¶ 90-110.) Count III alleges breach of contract. (Compl. ¶¶ 111-116.) In Count IV, Plaintiffs allege violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. (Compl. ¶¶ 117-135.) Plaintiffs also allege constitutional violations of equal protection (Count V) and substantive due process (Count VI). (Compl. ¶¶ 136-146; 147-156). Finally, Count VII alleges violations of the New Jersey Civil Rights Act. (Compl. ¶¶ 157-161.)

Plaintiffs' Complaint notes that jurisdiction is proper since their claims arise under the United States Constitution and Federal statutes, including, but not limited to, "the Individuals with Disabilities Education Act, 20 U.S.C. § 1400." (Compl. ¶ 7.) As such, this Court has jurisdiction over the instant matter.

2

Defendants move pursuant to Rule 12(b)(6), which requires that the Court accepts the facts alleged in the Complaint as true. As this action is resolved on procedural grounds, a detailed recitation of the facts is not required. The Court, however, notes that R.S. is an eleven-year-old child diagnosed with several disabilities that impact his ability to learn. (Compl. ¶¶ 2, 9-25.) R.S.'s parents sought the assistance of the School Board to provide the appropriate treatment and education for R.S. (*Id.*) Dissatisfied with the educational care provided to R.S., his parents filed three different appeals with the administrative courts, and each time, the School Board failed to comply with the outcome. (Compl. ¶¶ 26-62.) R.S.'s parents subsequently filed a due process petition with the administrative court, and with that case still pending, filed this action. (Compl. ¶¶ 63-68.) Defendants move to dismiss "[t]he claims asserted in Counts I, IV, V, and VI . . . because plaintiffs have failed to exhaust their administrative remedies." (Defs.' Br. 7, ECF No. 4-4.) Further, Defendants argue that once the federal claims are dismissed for failure to exhaust, the Court should decline to exercise jurisdiction over Plaintiffs' state law claims. (Defs.' Br. 12.)

## II.   **LEGAL DISCUSSION**

### A.   **Legal Standard**

Defendants move to dismiss pursuant to Rule 12(b)(6). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, the Court must then determine whether the "facts alleged in the complaint

are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

The Court notes, however, that "[i]n the context of an IDEA claim, the exhaustion of administrative remedies is a jurisdictional matter and is resolved pursuant to a motion brought under Rule 12(b)(1)." *H.A. v. Teaneck Bd. of Educ.*, No. 09-3301 (PGS), 2010 WL 891830 (PGS), at *4 (D.N.J. Mar. 10, 2010). Claims brought pursuant to the Individuals with Disabilities Education Act ("IDEA") must be exhausted prior to the filing of a civil suit pursuant to 20 U.S.C.A. § 1415(l), which provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

The Third Circuit determined that "it is clear from the language of the Act that Congress intended plaintiffs to complete the administrative process before resorting to federal court." *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). In *Komninos*, the Third Circuit relied on Supreme Court precedent for the proposition that permitting a claim of equal protection prior to exhaustion would "render superfluous . . . the detailed procedural protections . . . in the statute" and "run counter to Congress' view that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each [ ] child[.]" *Id.* (citing *Smith v. Robinson*, 468 U.S. 992, 1011–12 (1984)). The *Komninos* Court characterized the significance of administrative exhaustion as follows:

4

> Disruption and interference with the state proceedings can have serious adverse effects. For instance, the duplication of effort in evaluating the same areas of controversy is a substantial detriment to consistency and procedural efficiency. Factors such as these counsel district courts to avoid premature intervention. The vitality of the carefully conceived administrative procedure, providing as it does for active, intense participation by parents, educational authorities, and medical personnel, must be preserved . . . .

*Id.* at 779. It is also established that IDEA's exhaustion requirement cannot be avoided by filing IDEA claims under other statutes, such as the Rehabilitation Act or ADA. *Jeremy H. by Hunter v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 281 (3d Cir. 1996). There are, however, limited exceptions to the exhaustion requirement.

**B.     Analysis**

In the present case, Plaintiffs filed four administrative proceedings. Both Parties agree that the first three were fully exhausted. (Defs.' Br. 1) (stating "Plaintiffs have satisfied the exhaustion requirement with respect to those claims that might arise out of the events addressed in their first three due process petitions."). Currently at issue is whether the existence of a pending fourth petition requires the present action to be dismissed.

**1.     Parties' Positions**

Defendants argue that the Court must either dismiss or stay this case until the claims in the fourth petition are exhausted. (*Id.*)

Plaintiffs acknowledge that they pursued the first three due process petitions to exhaustion. (Pls.' Opp'n 11.) Plaintiffs further contend that although the fourth petition is pending, this case should be allowed to proceed. According to Plaintiffs, since the remedies sought in this Court differ from those sought by the pending petition, this case will not interfere with the adjudication of the petition and Plaintiffs' claims are, therefore, effectively exhausted. (Pls.' Opp'n 11-12.)

Alternatively, Plaintiffs argue that exhaustion is not required. First, Plaintiffs assert that adequate relief is unavailable through the administrative process. (Pls.' Opp'n 15.) Plaintiffs also argue that exhaustion is not required since the School Board "systematically failed to provide special education services." (Pls.' Opp'n 16.) Finally, Plaintiffs argue that R.S. is suffering from irreparable harm as a consequence of this ongoing dispute. (Pls.' Opp'n 18.)  As a result, Plaintiffs assert that the Court should waive any exhaustion requirement. (*Id*.)

### 2.      Plaintiffs Have Not Exhausted with Respect to the Fourth Appeal

As discussed above, it is well established that all administrative appeals must be exhausted before a civil action can be filed in this Court.  Plaintiffs have complied with the statutory requirement with respect to the first three appeals.  However, with regard to any allegations arising out of the fourth petition, Plaintiffs have failed to exhaust. Specifically, Plaintiffs allege facts that occurred after the 2011 Settlement. Since those very facts are the basis for the fourth appeal, those claims are not ripe. While this Court is permitted to review a cause of action stemming from the facts delineated in the first three petitions, it cannot review claims relating to the fourth petition. A contrary finding has the potential to interfere with the administrative review.

That damages are sought in the instant action which may not have been sought in the administrative proceedings does not, in and of itself, allow for circumvention of the exhaustion requirement.  Plaintiffs' contention that "the claims asserted here are not available under the administrative process," even if true, does not undermine the exhaustion requirement. (Pls.' Opp'n 2.)  Plaintiffs' position, in this regard, is not novel.

In *W.B. v. Matula*, the Third Circuit examined the exhaustion requirement. 67 F.3d 484 (3d Cir. 1995), *abrogated by A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007). The

*Matula* court's analysis began with the position that the "exhaustion requirement may not be circumvented by casting an IDEA claim as a § 1983 action predicated on IDEA." *Id.* at 495. The Third Circuit then examined the language of IDEA and found that "where the relief sought in a civil action is *not* available in an IDEA administrative proceeding, recourse to such proceedings would be futile and the exhaustion requirement is excused." *Id.* at 496 (emphasis in original). The Third Circuit then excused the exhaustion requirement citing two independent rationales. First, the Third Circuit held that "it would be futile . . . for plaintiffs to exhaust their administrative remedies because the relief sought . . . in this action was unavailable in IDEA administrative proceedings." *Id.* Second, the Third Circuit held that excusing exhaustion was appropriate since "classification and placement have been resolved in the numerous proceedings before the ALJ" and "[t]he factual record has been developed." *Id.* at 496.

Fellow district courts have narrowly construed the holding in *Matula*. For example, in *Gutin v. Washington Township Board of Education*, the court distinguished *Matula* finding that:

> . . . [In *Matula*] all issues other than monetary damages had already been decided when the Third Circuit concluded that the plaintiffs were not required to exhaust their administrative remedies as to their damages claim. That is not the case here. Accordingly, *Matula* is inapplicable and this Court will not excuse Plaintiffs' failure to exhaust their administrative remedies with respect to the federal claims asserted in Counts II and IV. The Board is therefore entitled to dismissal of the IDEA / § 504 claims.

No. 04-1947, 2007 WL 2139376, at *3 (D.N.J. July 23, 2007).

The *Gutin* court's analysis is instructive. There, the court determined that despite prior administrative proceedings, there remained an issue presently before the court that had not been subject to administrative review. *Gutin v. Washington Twp. Bd. of Educ.*, 467 F. Supp. 2d 414, 429 (D.N.J. 2006), *on reconsideration*, No. 04-1947, 2007 WL 2139376 (D.N.J. July 23, 2007).

7

In sum, *Gutin* characterized the reasons for excusing exhaustion in *Matula* as two-fold: (1) the "principal reason for the exhaustion requirement—to allow the administrative body with the relevant expertise to create an evidentiary record prior to judicial review—did not apply in [*Matula*]" and (2) "all issues in [*Matula*] other than the damages issue had been resolved by prior administrative proceedings." *Id.* at 428.

As argued by Defendants, the administrative record in the present matter has not yet been fully developed. Specifically, Plaintiffs' allegations arising from the School Board's conduct after August 2011, when the most recent settlement agreement was reached, have not been subject to administrative review. As taken from the Complaint, the fourth due process petition seeks "(a) an appropriate IEP, (b) an appropriate program at Craig[,] (c) reimbursement for services, (d) reimbursement for expenses, including attorney's fees, (e) a complete copy of R.S.'s file, (f) reimbursement for failing to provide R.S. a FAPE, and (g) compensatory education." (Compl. ¶¶ 63-64.) A fully developed administrative record with regard to the above would inform this Court's judicial review and potential damages assessment. Accordingly, the exhaustion requirement will not be excused.

### 3.     Plaintiffs Have Not Established a Systemic Failure

Plaintiffs do not rely upon any Third Circuit precedent to support their allegations of systemic failure. Instead, Plaintiffs rely upon a Second Circuit holding, where the court recognized that systemic violations have excused the exhaustion requirement. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107 (2d Cir. 2004). In surveying Second Circuit precedent applying the systemic failure exception, the *J.S.* Court concluded that:

> The common element among these four cases is that the plaintiffs' problems could not have been remedied by administrative bodies because the framework and procedures for assessing and placing students in appropriate educational programs were at issue, or because the nature and volume of complaints were

incapable of correction by the administrative hearing process. If each plaintiff had been forced to take his or her claim before a hearing officer and appeal to another local or state official, there would have been a high probability of inconsistent results. Moreover, the plaintiffs' claims were such that an administrative record would not have been of substantial benefit to the district court.

*Id.* at 114.

*J.S.* is inapplicable, as is any theory of systemic failure.

[The Second Circuit] ha[s] only allowed a plaintiff to be excused from the exhaustion requirement when the plaintiff challenges conduct that administrative remedies, which focus on the individual needs of particular students, have "no power to correct." *J.S.*, 386 F.3d at 113. These are cases involving "the framework and procedures for assessing and placing students in appropriate educational programs" or which involve a high volume of complaints challenging general practices by defendants that allegedly violate the IDEA. *Id.* at 114; *see also id.* at 113–14 (collecting cases). Because, as the district court noted, it is clear from the complaint that [Plaintiff] is challenging the Defendants' treatment of him individually, and does not make allegations other than in conclusory fashion that his situation resulted from systemic violations of the IDEA, *see* Compl. ¶ 65, we conclude that it would not have been futile for him to resort to administrative remedies.

*Levine v. Greece Cent. Sch. Dist.*, 353 F. App'x 461, 465 (2d Cir. 2009). Similarly here, the allegations set forth in the Complaint speak to the Defendants' treatment of R.S. individually. Furthermore, as discussed previously, the district court would benefit from further development of the administrative record. The systemic failure exception does not apply.

### 4.      Plaintiffs Have Not Established an Emergency Situation

The Court finds that Plaintiffs have failed to establish an emergency situation. Plaintiffs argue that R.S. is suffering irreparable harm and therefore, the exhaustion requirement should be waived. Plaintiffs rely on *Komninos* as giving the court such power. However, *Komninos* sets forth explicit guidelines for such an exception and cautions that it should "be sparingly invoked." *Komninos by Komninos*, 13 F.3d at 778-79. Plaintiffs must provide "affidavits from competent professionals along with other hard evidence that the child faces irreversible damage if the relief is not granted." *Id.* at 779.  If plaintiffs do not provide such convincing evidence, the court "must

require plaintiffs to exhaust their administrative remedies." *Id.*  Here, Plaintiffs do not provide sufficient evidence to surpass the stringent test of proving irreversible damages. Notably, Plaintiffs admittedly are not seeking remedies that will immediately impact R.S.'s education. Rather, they are seeking monetary damages for past misconduct by Defendants. While this Court is certainly concerned about the well-being of R.S., intervention at this juncture remains premature and inappropriate.

## III.    CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion. The Court shall stay the proceedings until such time as the fourth due process petition is exhausted, at which time, Plaintiff will be provided with the opportunity to file an Amended Complaint within 30 days of said exhaustion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: